UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN DOE subscriber assigned IP address 61.172.172.43<br><br>　　　　Defendant. | No.  2:25-cv-02569-WBS-CKD<br><br><br>ORDER DENYING MOTION TO QUASH |

On November 11, 2025, defendant John Doe filed a motion to quash a subpoena issued by plaintiff Strike 3 Holdings, LLC, to defendant's internet service provider ("ISP"), Comcast Cable Communications, LLC, seeking his[1] subscriber information. Alternatively, defendant seeks a protective order. Upon review of defendant's motion to quash and plaintiff's response, the court finds this motion can be resolved without oral argument pursuant to Local Rule 230(g). The court denies defendant's motion to quash the subpoena. Plaintiff is ordered to serve a copy of this order on the ISP.

**I.　　RELEVANT BACKGROUND**

This case is one of many filed by Plaintiff Strike 3 Holdings, LLC, alleging copyright infringement of adult-content movies distributed through its websites. (ECF No. 1 ¶¶ 1-3.)

---

[1] Defendant's gender is not known. Pronouns refer to the "John Doe" party designation by plaintiff.

1

Plaintiff alleges defendant has, over a period of time, used the BitTorrent protocol to download and distribute 24 of plaintiff's movies to others in violation of plaintiff's copyrights. (ECF No. 1 ¶ 4.) Defendant is known to plaintiff only by his IP address, which is maintained by Comcast Cable. (ECF No. 1 ¶ 5.)

In order to acquire the true name and address of defendant, plaintiff brought an ex parte application to serve a third-party subpoena on defendant's ISP. (ECF No. 3.) The undersigned determined that good cause existed for the application and granted the application on October 22, 2025. (ECF No. 4.) Special procedural safeguards were set to protect defendant's identity and expectation of privacy. Plaintiff was directed to serve a copy of the order on defendant to inform him of the opportunity to file a motion to quash the subpoena. The order directed that "until permission is given by the court, [plaintiff] is not to reveal the identity of the defendant in or out of court." (ECF No. 4 at 6.)

On or about October 22, 2025, plaintiff served the subpoena on the ISP, which has not yet responded. (See ECF No. 7.) On November 10, 2025, defendant moved to quash the subpoena. (ECF No. 5.) Plaintiff filed a response in opposition. (ECF No. 6.)

**II.     LEGAL STANDARD**

"Under Federal Rule of Civil Procedure 45, any party may serve a subpoena that commands a non-party 'to produce documents, electronically stored information, or tangible things . . . .'" Soto v. Castlerock Farming & Transp., Inc., 282 F.R.D. 492, 504 (E.D. Cal. 2012) (citing Fed. R. Civ. P. 45(a)(1)(C)).

When a party timely files a motion to quash, a district court must "quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Additionally, a district court "may . . . quash or modify the subpoena if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information; or (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not

1   requested by a party." Fed. R. Civ. P. 45(d)(3)(B).

2   The party issuing the subpoena must demonstrate that the discovery is relevant, while the
3   party seeking to quash the subpoena has the burden of persuasion. Soto, 282 F.R.D. at 502, 504.

4   **III.   DISCUSSION**

5   Defendant moves to quash the subpoena on the basis that defendant is a retiree and does
6   not use or understand BitTorrent software. (ECF No. 5 at 3.) Defendant states that he pays for the
7   Comcast account, multiple individuals, including family members, guest, friends, and contractors,
8   have access to the wireless network. (Id.) Defendant argues that during the alleged time, he has no
9   means to identify which device or person may have used the IP address. (Id.) Defendant also
10  argues that the subpoena imposes undue burden and risks misidentification and seeks a protective
11  order. (Id. at 4.) Defendant asks the court to quash the subpoena. (Id.)

12  In sum, defendant claims innocence. While this defense may prove to be true, courts in
13  this and other circuits have consistently rejected the argument that a defendant's status as a
14  registered subscriber of an IP address associated with infringing activity is insufficient to support
15  discovery of the subscriber's identity where others could have used the IP address. E.g., Strike 3
16  Holdings, LLC v. Doe, No. 19cv2425-JAH (LL), 2020 U.S. Dist. LEXIS 84577, at *9 (S.D. Cal.
17  May 3, 2020) ("although an IP address and a subscriber's name alone may be insufficient to state
18  a claim of infringement, …subpoenas may [ ] be used to determine a subscriber's name"); Strike
19  3 Holdings, LLC v. Doe, No. 4:18-cv-04993-KAW, 2019 U.S. Dist. LEXIS 19497, at *6 (N.D.
20  Cal. Feb. 6 2019); Strike 3 Holdings, LLC v. Doe, No. 2:18-cv-02637 MCE CKD, 2019 U.S.
21  Dist. LEXIS 30674, at ** 9 & 11 (E.D. Cal. Feb. 26, 2019) (citing collected cases).

22  At this point in the litigation, plaintiff has made an adequate showing of the need to
23  subpoena defendant's ISP to determine whether it can obtain the identity of the proper defendant.
24  To the extent defendant alleges factual innocence, such a consideration is premature and may be
25  raised in a motion to dismiss. To the extent defendant requests a protective order or limited
26  disclosure, the court has already ordered that the subscriber's identity will remain protected, both
27  in and out of court, until the court orders otherwise. (See ECF No. 4 at 6.)
28  /////

3

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant's motion to quash the subpoena (ECF No. 5) is DENIED.

Dated:  December 9, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5, stri.2569.25